TEXAS COURT OF CRIMINAL APPEALS
c/o ABLE ACOSTA, CLERK
CAPITAL STATION
P.O. BOX 12308
AUSTIN TEXAS 78711-2308

September 9, 2015

Re: PINK v. STATE; COURT OF APPEALS CAUSE NOS. 05-14-00877, 78, 79, 80-CR;
TEX. COURT CRIM APPEALS NOS. PD-0776, 77, 78, 79-15

DEAR CLERK,

PLEASE FIND ENCLOSED PETITIONERS' MOTION TO SUPPLEMENT PETITION FOR DISCRETIONARY REVIEW (APPENDIX) IN THE ABOVE STYLED CASE(S), WITH COPIES OF ALL Pro Se MOTIONS FILED SINSE FEBRUARY 3, 2014. THIS REQUEST IS BEING MADE PERSUANT TO TX. Rule APP. PROC. Rule 68.10. PLEASE NOTE TO THIS COURT THAT THERE ARE OTHER MOTIONS THAT WERE FILED PRO Se THAT HAVE NOT BEEN TURNED OVER TO PETITIONER BY THE COURT OF APPEALS TO THIS DATE, THAT ARE PERTINENT TO THIS COURTS CONSIDERATION OF PETITION FOR DISCRETIONARY REVIEW. PLEASE FILE AND SUPPLEMENT THESE COPIES OF Pro Se MOTIONS WITH THE APPENDIX OF THE PETITION IN THE ABOVE STYLED CASE(S) AND BRING THEM TO THE ATTENTION OF THIS COURT IN YOUR USUAL MANNER.

PETITIONER HUMBLY REQUEST THE CLERK SERVE THE STATE PROSECUTING ATTORNEY A COPY OF THESE DOCUMENTS BECAUSE THE PETITIONER HAS NO WAY TO RENDER ADDITIONAL COPIES AND THE DALLAS CO. DISTRICT ATTY. HAS PREVIOUSLY BEEN SERVED THESE Pro Se MOTIONS.

SHOULD YOU HAVE ANY QUESTIONS OR CONCERNS IN THIS MATTER, PLEASE DO NOT HESITATE TO CONTACT PETITIONER AT THE ADDRESS BELOW. THANK YOU FOR YOUR ASSISTANCE,

VERY TRUELY YOURS,

REGINALD PINK, Pro Se
#1938997
McColleil Unit
3001 SOUTH Emily Drive
Beeville TX 78102

FILED IN
COURT OF CRIMINAL APPEALS

SEP 11 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 11 2015

Abel Acosta, Clerk

IN THE
TX. COURT OF CRIMINAL APPEALS
AUSTIN TEXAS

Reginald Keith Pink
PETITIONER

v.

THE STATE OF TEXAS
RESPONDENT

FROM THE
COURT OF APPEALS NOS.
05-14-00877, 78, 79, 80 -CR
DALLAS COUNTY TRIAL COURT CAUSE NOS.
F-09-55346, F-13-60732, F-13-60733,
F-13-72123

MOTION REQUESTING SUPPLEMENT OF PETITION FOR
DISCRETIONARY REVIEW APPENDIX
WITH COPIES OF PRO SE MOTIONS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now REGINALD KEITH PINK, PETITIONER Pro Se AND RESPECTFULLY REQUEST THIS COURT GRANT HIS MOTION TO Supplement THE APPENDIX OF PREVIOUSLY FILED PETITION FOR DISCRETIONARY REVIEW, WITH COPIES OF PRO SE MOTIONS FROM FEBURARY 3, 2015 TO PRESENT. IN SUPPORT APPELLANT WOULD SHOW THE Following:

I.

THESE Pro Se MOTIONS and OTHERS FILED WITH THE COURT OF APPEALS ARE ABSOLUTELY NECESSARY FOR THIS COURTS REVIEW and CONSIDERATION OF THE PETITIONERS, PETITION FOR DISCRETIONARY REVIEW TO SHOW, THE PETITIONERS DELIGENCE IN MAKING THE COURT OF APPEALS AWARE OF ISSUES OF LOST/MISSING TRANSCRIPTS AND INCOMPLETE APPELLATE RECORD, AND NECESSITY FOR EVIDENTIARY HEARING TO RESOLVE THESE ISSUES. Also, TO SHOW THIS COURT, THE COURT OF APPEALS DECISIONS TO IGNORE PROOF OF EVIDENCE IN THE APPELLATE RECORD AND IN THE DALLAS COUNTY JUDICIAL SYSTEM DOCKET (ELECTRONIC) AND DENIAL OF "ALL" MOTIONS FILED BY PETITIONER ADDRESSING THESE ISSUES WITHOUT EXPLINATION OR REFERENCE TO AND ANY LEGAL AUTHORITY OR CITING, FOR THEIR DENIALS OF "ALL" PRO SE MOTIONS.

II.

PETITIONER PRAYS THIS COURT GRANT THIS MOTION TO SUPPLEMENT THE APPENDIX OF PETITION FOR DISCRETIONARY REVIEW BEFORE THIS COURT PRESENTLY AND PRAYS THIS COURT WILL COMPEL ALL OTHER Pro Se motions FROM THE COURT OF APPEALS, THAT PROVE THE COURT OF Appeals WAS AWARE OF ISSUES OF LOST TRANSCRIPTS PRIOR TO SUBMISSION OF

THE SUBSTANTIVELY DEFECTIVE ANDERS BRIEF. COPIES OF PRO
SE MOTIONS ARE ATTACHED.

RESPECTIVELY SUBMITTED

Reld PiS

PETITIONER

## Certificate of Service

I certify that a copy of this motion was sent by U.S. Mail
from the McConnell Unit 3001, South Emily Drive,
Beeville Texas 78102 on 9/9/15.
Addressed To: Counsel For The Appellee
Michael R. Casillas
Dallas County Dist. Atty. Office
133 N. Riverfront Blvd L6 19
Dallas Tx. 75207

Appeal No: 05-14-00877CR, 05-14-00878 CR
05-14-00 879CR, 05-14-00880 CR

In the Court of Appeals At Dallas Texas
Fifth District

Reginald Keith Pink
Appellant

FILED IN
COURT OF APPEALS

FEB 0 3 2015

LISA MATZ
CLERK, 5th DISTRICT

V.
The State of Texas
Appellee

Appeal of Cause Number: F-09-55346, F-13-60732
F-13-60733, F-13-72123. On Appeal from the 283rd
Judicial District Court of Dallas County Texas
Hon. Rick Magnis, Presiding

Second Motion For Extension of time to file
Appellants' pro se Brief or Responce to Anders brief

To the Honorable Justices of the Court of Appeals:

Comes now Reginald Keith Pink, Appellant pro se and
respectfully moves the Court to Extend the Feburary 4th
2015 deadline for filing his brief or Responce by 30 thirty
Days. In support, Appellant would show the following:

I.

On June 27, 2014 the judge found Appellant guilty of
Robbery. The Judge assessed punishment at Life years
imprisionment in the Texas Department of Criminal Justice

II.

On November 6, 2014, Appellant recieved notice by mail that
his appeal attorney filed an Anders brief on his behalf and
notice that Appellant had a right to file a pro se brief or
Responce to the Anders brief.

## III.

On September 10, 2014 the Appellant Record was first made available to Appellant. The deadline for filling Appellants' brief or Responce is February 4, 2014

## IV.

This is the Appellants' second request for extension. Appellant is unable to meet deadline for the following reasons: Limited legal Knowledge thereby slowing down my research. Very limited access to Law Library to only a few hours a day in the past 80 days. Appellant also is in need of more time to secure evidence needed to assert my argument. This evidence has been Requested in writting by mail from the Court clerk and the district clerk, but has not been recieved as of yet. I believe this evidence must be obtained before submitting my pro se brief or Responce and I have also enlisted the help of my family in helping me secure this evidence as quickly as possible.

## V.

For Reasons stated above Appellant respectfully Request an additional thirty (30) Days to complete the pro se responce in support of Appellants appeal.

## VI.

Appellant Prays that the Court grant this motion and extend the time to file appellants pro se Responce by thirty Days, Extending the deadline to March 6, 2015. Appellant at this time does not anticipate any further delay in submitting my pro se brief or responce after this second extension.

Respectfully Submitted

Reld Pitts

Appellant Pro se

## Certificate of Service

I certify that a copy of this motion was sent by the U.S. Postal Mailbox @ the McConnell Unit, 3001 Emily Drive in Beeville, Texas 78102 on 1-30-15
Addressed to: Counsel for Appellee
Micheal R. Casillas
Dallas Co. District Attorney Office
133 N. Riverfront Blvd Lb 19
Dallas Tx. 75207

Ms. Lisa MATZ

January 30, 2015

Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Texas, 75202

Re: Court of Appeals Number: 05-14-00877-CR, 05-14-00878CR
05-14-00879-CR, 05-14-00880-CR

Trial Court Cause Number: F-09-55346, F-13-66732
F-13-60733, F-13-72123

Dear Madam,

On November 6, 2014, My appeal ATTORNEY notified me that an Anders brief was filed on my behalf As outlined in Anders v. California and further advised me of my right to file a pro se brief or responce to the Anders brief. By this letter, I am giving notice that I wish to file a pro se brief or Responce.

I also Request an Extension of time in which to file my brief or responce sinse I am not an Attorney of Law, and the fact that I have had only limited time and opportunity to the law library in the past 30 days. Also, I need more time to secure evidence I need to Assert my Argument. THis evidence has been REquested in writting by mail but not recieved As of yet. I believe this evidence must be obtained before submitting my pro se brief or Responce And I have also enlisted the help of my family to help me secure this evidence As quickly as possible. Enclosed, please find my second motion for Extension of time. Please file and bring to the attention of the court.

Thank you for your Consideration

Respectfully
Rld Pk
Appellant pro se

Reginald Pink
#1938997
McConnell Unit
3001 South Emily Drive
Beeville Tx. 78102

Mr. Reginald Park 1938997
McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
30 JAN 2015 PM 11

7520246539



Ms. Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street Suite 200
Dallas Texas 75202

S

Ms Lisa Matz
CLERK of the 5th Court of Appeals
600 Commerce STREET, Suite 200
Dallas TX. 75202

RECEIVED
Court of Appeals        Feburary 24, 2015
MAR 03 2015
Lisa Matz
Clerk, 5th District

Re: Court of Appeals Number: 0544-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

Trial Cause Number: F-0955346, F-13-60732
F-13-60733, F-13-72123

Dear Madam,

On Feburary 10, 2015, I RECIEVED A LETTER DATED Feburary 4, 2015 from THE COURT of Appeals notifying me THAT THE COURT Denied my request FOR A second EXTENTION of time to secure Docket SHEETS And other evidence need to be presented to the Court of Appeals with my PRO SE RESPONCE to the Anders Brief my counsel filed. THE COURT Also, notified me THAT THE Appeals would be submitted in due COURSE.

I would respectfully, like to take THIS opportunity to RE-QUEST THAT THE COURT promptly notify me of the date of submission of my cases, if in fact THEY HAVE BEEN SET, And if NO DATE HAS BEEN SET, I REQUEST TO BE NOTIFIED As soon As IT IS SET for submission, since An Anders brief WAS filed And my Appointed counsel will not be notifing me.

I THANK you for your ATTENTION TO THIS MATTER/REQUEST. WOULD you PLEASE file this request and bring it to the ATTENTION of the court.

THANK You for your consideration,

Respectfully,

R.d Rb
Appellant

Reginald Pink
#1938997
McConnell Unit
3001 SOUTH Emily Drive
BEEVille TEXAS, 78102

S

Mr. Reginald Pink 1938797
McConnell Unit
3001 South Emily Drive
Beeville, TX. 78102

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
26 FEB 2015 PM 3 L

FOREVER

Ms. Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce STREET, SUITE 200
Dallas, TX. 75202

75202465399

NOS. 05-14-00877-CR, 05-14-00878-CR,
05-14-00879-CR, 05-14-00880-CR

FILED IN
COURT OF APPEALS

MAR 0 4 2015

LISA MATZ
CLERK, 5th DISTRICT TEXAS

REGINALD KEITH PINK

Appellant

V.

STATE OF TEXAS

Appellee

§
§
§
§
§
§
§
§
§
§

COURT OF APPEALS TEXAS
FIFTH DISTRICT

## MOTION TO DISMISS APPELLATE COUNSEL AND APPOINT NEW COUNSEL

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW REGINALD KEITH PINK, APPELLANT AND RESPECT-fully MOVES THAT THIS COURT DISMISS APPELLANT COUNSEL MATTHEW KITA AND APPOINT NEW COUNSEL PERSUANT TO THE 6th AND 14th AMENDMENTS OF THE U.S. CONSTITUTION THAT GARRANTEE THE RIGHT TO COUNSEL AT EVERY CRITICAL STAGE OF MY DEFENSE INCLUDING COMPLETION OF APPELLATES BRIEF. ALSO, PERSUANT TO TEXAS CODE OF CRIMINAL PROCEDURE Ann. Art. 1.051 WHICH ASSURES THE RIGHT TO REPRESENTATION OF COUNSEL FOR INDIGENT APPELLANTS.

### I.

APPELLANT WILL SHOW THAT ON NOVEMBER 5, 2014 MY COUNSEL FILED AN ANDERS BRIEF AND A MOTION TO WITHDRAW AS MY COUNSEL. AT THAT TIME MY COUNSEL WAS FULLY AWARE OF A "LOST" OR "MISSING" TRANSCRIPT AND THE FACT THAT I WAS IN POSSESSION OF EVIDENCE THAT PROVES A PORTION OF THE

COURT REPORTERS RECORD WAS NOT INCLUDED IN THE APPELLATE RECORD THAT HE REVIEWED TO MAKE THE DETERMINATION (IN ERROR) THAT MY APPEAL WAS WITHOUT ANY MERIT.

## I.

APPELLANT COUNSEL PROVED HIMSELF to be INEFFECTIVE IN HIS ASSISTANCE AS MY COUNSEL BY REFUSING TO DO ADEQUATE FACT FINDING AND INVESTIGATION TO SECURE ALL RECORDS AND EVIDENCE NEEDED TO MAKE AN ACCURATE DETERMINATION OF THE GROUNDS FOR MY APPEAL. MY. KITA REFUSED/DECLINED TO REQUEST OR MOTION THIS COURT TO COMPEL THE COURT REPORTER TO SUPPLEMENT THE APPELLATE RECORD AND PRODUCE THE "LOST TRANSCRIPTS". MY COUNSEL ALSO REFUSED TO MOTION THIS COURT TO MANDATE I BE BENCH WARRANTED BACK TO DALLAS COUNTY TO TESTIFY TO WHAT HAPPENED AT THE HEARING IN JANURARY THAT WAS NOT MADE PART OF THE APPELLATE RECORD. (SEE EXHIBIT (F)) THIS AFTER THE TRIAL COURT DENIED THE SAME REQUEST. (SEE EXHIBIT(A))

## III.

APPELLANT WILL ALSO SHOW THAT, ONLY THESE REQUEST WERE MADE BY THE APPELLANT for my counsel AFTER TO FILE MOTIONS FOR "LOST" C.R.R AND BENCH WARRANT TO SHOW WHAT HAPPENED DURING "LOST" HEARING DID MY COUNSEL FILE AN ANDERS BRIEF. (SEE EXHIBITS (G))

## IV.

APPELLANT COUNSEL WAS ALSO MADE AWARE THAT SEVERAL CON CONSTITUTIONAL VIOLATIONS HAD OCCURED DURING THE HEARING THAT WAS NOT MADE PART OF THE RECORD AND THAT THE HEARING OCCURED IN JANURARY 2014. EVEN THOUGH THE COURT REPORTER, via E-MAIL HAD DENIED ANY HEARING OCCURED OR WERE HELD DURING THE DATES OF 1-17-14 thru 1-27-14. MY COUNSEL WAS ASKED BY ME TO REQUEST "DOCKET SHEETS" AND "BAILIFF DOCKET SHEETS" AND "DALLAS COUNTY JUDICIAL SYSTEM DOCKET SHEETS," TO PROVE A HEARING WAS HELD AND WHEN. MY COUNSEL STILL FILED THE ANDERS BRIEF IN ERROR (SEE EXHIBIT (G))

## V.

THE APPELLANT PRAYS THAT THIS COURT WILL AGREE THAT BECAUSE APPELLANT COUNSELS' DETERMINATION THAT A ANDERS BRIEF WAS WARRANTED WAS BASED WHOLLY ON AN INCOMPLETE ADDELLATE RECORD (SEE ATTACHED MOTION TO WITHDRAW ANDERS BRIEF), THAT THE APPELLANT COUNSEL MR. KITAS' MOTION TO

WITHDRAW SHOULD BE GRANTED AND I BE APPOINTED NEW COUNSEL, BECAUSE THIS ANDERS BRIEF IS BOTH FORMALLY AND SUBSTANTIVELY DEFECTIVE ACCORDING TO TEXAS RULE OF APPELLATE PROCEDURE 38.9(a)(b), BECAUSE, A PORTION OF THE APPELLATE RECORD IS "LOST" AND NOT CONSIDERED WHEN ANDERS BRIEF WAS FILED. ALSO, APPELLANT PRAYS THAT SOME SPECIAL CONSIDERATION BY THIS COURT BE GIVEN, THAT I MAY BE APPOINTED NEW COUNSEL SPECIFICALLY FROM THE PUBLIC DEFENDERS OFFICE BY THIS COURTS MANDATE, AND NOT APPOINTED AN OUTSIDE ATTORNEY BY THE COURT.

RESPECTIVELY SUBMITTED

_Rgld Pk_
APPELLANT

REGINALD PINK 1938997
McConnell Unit
3001 SOUTH EMILY DRIVE
BEEVILLE TX 78102

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON FEBRUARY 27, 2014, A TRUE AND CORRECT COPY OF APPELLANTS' MOTION TO DISMISS COUNSEL AND APPOINT NEW COUNSEL WAS MAILED TO THE ATTORNEY FOR THE STATE BY FIRST CLASS MAIL ADDRESSED TO:

MICHAEL R. CASILLAS
DALLAS COUNTY DISTRICT ATTORNEYS' OFFICE
133 N. RIVERFRONT BOULEVARD, LB 19
DALLAS, TEXAS 75067

NOS. 05-14-00877-CR, 05-14-00878-CR,
05-14-00879-CR, 05-14-00880-CR

REGINALD KEITH PINK
  Appellant

v.

STATE OF TEXAS
  Appellee

§
§
§
§
§
§
§
§
§
§

COURT OF APPEALS OF TEXAS

FIFTH DISTRICT

---

EXHIBITS IN SUPPORT OF MOTION TO WITHDRAW
ANDERS BRIEF, AND MOTION TO BE APPOINTED NEW COUNSEL

---

## EXHIBITS OF FACT

EXHIBIT (A) LETTER DATED OCTOBER 10, 2014, Page 2 of 2 HIGHLIGHTED

EXHIBIT (B) C.R.R FEBURARY 3, 2014, VOL. 2 of 4, Page 30 LINES 1-12 HIGHLIGHTED

EXHIBIT (C) C.R.R. FEBURARY 3, 2014, vol 2 of 4 page 31 LINES 22-25 And page 32 LINES 1-4 HIGHLIGHTED

EXHIBIT (D) C.R.R. FEBURARY 3, 2014, VOL. 2 of 4 page 35 LINES 6-12 HIGHLIGHTED

EXHIBIT (E) C.R.R. FEBURARY 3, 2014, VOL. 2 of 4 pages 35 LINES 6 & 11

EXHIBIT (F) LETTER FROM COUNSEL DATED NOV. 1, 2014 page 2 of 3 HIGHLIGHTED

EXHIBIT (G) LETTER FROM ME TO MY COUNSEL DATED 10/23/14 PagES 1 of 2 And 2 of 2 HIGHLIGHTED

EXHIBIT (H) E-MAIL DATED 10/20/14 FROM COURT REPORTER

EXHIBIT (I) LETTER DATED 11/7/14 REQUESTING DOCKET SHEETS/C.C.

EXHIBIT (J) LETTER DATED 11/7/14 REQUESTING DOCKET SHEETS/D.C.

**MATTHEW J. KITA**
ATTORNEY AND COUNSELOR AT LAW
P.O. BOX 5119
DALLAS, TEXAS 75208

October 10, 2014

*[handwritten margin note top left: NOTE: most people do not realize constitutional violations until they get to constitutional/federal denial of their appeal → Raise these violations at direct appeal* Atty's do their best not to let us know about these issues to raise in Direct Appeal]*

*[handwritten margin note top right: IN LETTER HE IS picking his words carefully + trying not to give me to much information or help. Being vague and not talking in layman terms on purpose]*

Reginald Keith Pink (No. 01938997)
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

*[handwritten margin note right: → He was not going to tell me He had got extension to Oct 25th + file Brief - And did not tell me why? either]*

Re:  *State v. Pink*
Trial Court Cause Nos.: F0955346, F1360732, F1360733, and F1372123

*Pink v. State*
Dallas Court of Appeals Case Nos.: 05-14-00877-CR, 05-14-00878-CR, 05-14-00879-CR, and 05-14-00880-CR

Dear Mr. Pink:

Today, I received your letter dated October 6, 2014. I would like to provide you with a update on your case and respond briefly to three of your requests. *[handwritten: → Why not respond to all my requests + issues of concern in my last letter to him?]*

Following a hearing on September 5, 2014, the trial court denied the motion for new trial that I argued on your behalf. A copy of the order is enclosed. Accordingly, I will raise the same arguments again to the Court of Appeals, which hopefully will provide us with a more favorable result. The deadline to file your brief was extended to October 25, 2014, and I will provide you with a copy as soon as it is filed.

*[handwritten margin note left: new note - wrong voice of words... totality - All when if cause frivilous added together = valid argument → case law in Library]*

With regard to the issues I can raise in your brief, it would be a violation of the Texas Disciplinary Rules of Professional Conduct for me to raise a knowingly-frivolous argument in your brief in order to "see what sticks." I can only raise arguments that are supported by existing law, or arguments that constitute a good-faith argument for the extension, modification, or reversal of existing law, or the establishment of new law. As I mentioned in my previous letter, I promise to make every argument that I can in order to obtain a reversal of the trial court's judgment.

*[handwritten margin note right: what exactly is a good faith argument?]*

*[handwritten margin note left: I have seen this document w/ my own eyes if my own eyes I read it on numerous times. It DOES EXIST]*

I contacted the Dallas County Public Defender's Office shortly after receiving your letter and asked if they have a document entitled "Complete Outline of the Appeals Process." I was informed that they do not, and that they explain the appeals process to their clients in a letter, much like the previous letter I sent to you. After a diligent search, I was not able to find any document available online that matches what you described in your letter. Please know that the summary that I provided you is true and accurate, but if you have any additional questions, I would be happy to answer them.

*[handwritten margin note bottom left: I could request it from the public defender... for myself...]*

P: 214.699.1863          MATT@MATTKITA.COM          F: 214.347.7221

*** He talks to Judge Magnis every week it seems → on Thurs + Fri — when Judge takes control of all his case + court Room! — He wrote me — Emailed court Reporter + talk to Judge all on Friday!

I sent the attached e-mail to the court reporter today regarding the missing hearing in the appellate record. Judge Magnis informed me today that the reporter is out for the next two weeks, and that she will likely not get back to me until then. Even if such a record exists, however, and even if your letter accurately reflects the substance of the testimony that was adduced at the hearing, such testimony would not support a claim for ineffective assistance of counsel because of your guilty plea and the statements that you made on the record immediately prior to your sentencing. Of course, if there is other testimony from the hearing that supports a good-faith argument, I will be certain to raise it in my brief.

*_* If Such Testimony DOES NOT Support Ineff Asst of Counsel → It does or is An Absolute Violation of my Constitutional Rights!

THAT'S WHA All the cross and dottin the t's and dottin on all the Re on my sentencing Hearing wa: for —

(?)

Finally, I asked Judge Magnis today to issue a bench warrant so that you could testify about what happened at the January hearing in the event that the record cannot be located, but he summarily denied this request. — Then in that case file motion with appeals court to make them submit it — if not

Why is He obviously Acting like the missing record Might not Be found?

I will be certain to keep you apprised of any developments in your appeal. In the meantime, I wish you all the best.

file for dismissal (incomplete court re record) — I have n said anything bou This to atty yet

Respectfully,

Matthew J. Kita

— The 1st time in a letter (my 2nd) to my atty — I told him about my constitutional rights has violated he did not disregard it — He waited till he got appellate record to verify it was in there — Now he is saying it is not ineffective asst of counsel — He is not saying it is not a constitutional violation!

*— What I called constitutional Rights violation in my prior letter — He addressed as ineffective asst of counsel on this letter — in previous letter from him — he addressed it as constitutional violation (which is where I came up with constitutional violation in the first place

— In previous letter I was calling it ineffective asst counsel

# MATTHEW J. KITA

ATTORNEY AND COUNSELOR AT LAW

P.O. BOX 5119

DALLAS, TEXAS 75208

November 1, 2014

Reginald Keith Pink (No. 01938997)
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

> Re:  *State v. Pink*
> Trial Court Cause Nos.: F0955346, F1360732, F1360733, and F1372123
>
> *Pink v. State*
> Dallas Court of Appeals Case Nos.: 05-14-00877-CR, 05-14-00878-CR,
> 05-14-00879-CR, and 05-14-00880-CR

Dear Mr. Pink:

I received your correspondence dated October 17, 2014 and October 23, 2014. Please accept my apologies for the delay in responding to you. I had a trial for one of my other clients in federal court on Monday through Wednesday of this week, and had spent the better part of the previous week preparing for it. As a result of this trial, I sought another extension from the Court of Appeals so that I could have some additional time to file a brief on your behalf.

Unfortunately, after a thorough review of the record in your case, as well as an exhaustive search of the applicable case law, it is my professional opinion that you do not have a good-faith basis for an appeal of your conviction and sentence. Accordingly, as required by state and federal law, I have filed a motion to withdraw as your counsel, as well as a brief in support of this motion, both of which are attached for your review.

In your letter dated October 17, 2014, you stated, "I have thoroughly and diligently researched this matter and I found no case law that can be used to get around a clear and unquestionable constitutional violation. Once your constitutional rights have been violated, they cannot be unviolated!" You also suggested that the trial court's failure "to pass [you] to a different attorney" constitutes a due-process violation. With all due respect, these statements are simply not correct. As I mentioned to you in my letter dated September 5, 2014, even assuming that some evidence existed to suggest that your rights to due process and effective assistance of counsel were violated, such violations are not a basis for reversing a judgment against you unless you can also show that the court likely would have reached a different result if you had received proper counsel. This has been the well-established law from the Supreme Court of the United States for over thirty years. *See Strickland v. Washington*, 466 U.S. 668 (1984). Because *on the record*, you freely

P: 214.699.1863      MATT@MATTKITA.COM      F: 214.347.7221

and voluntarily pleaded guilty, acknowledged that you had gone over all of the indictments with Mr. Lacy—as well as the state's motion to revoke your probation, and conceded that you were satisfied with Mr. Lacy's representation of you before you were sentenced, these claims necessarily fail.

Accordingly, with regard to your requests that I (a) file a motion to "force" the court reporter to produce the record of a hearing; and (b) file a motion seeking a bench warrant so that you can "prove" the contents of an allegedly-missing record, I respectfully decline to do so. Based on your description of the contents of this alleged record, it is my professional opinion that they are irrelevant to any issue that could be raised on appeal.

Although I was hoping to find a case that would support my argument that you are entitled to a new sentence, my search came up bare. As discussed in the attached brief, not only has the Supreme Court of the United States explicitly affirmed the constitutionality of Texas's habitual offender statute, I was not able to find a single case from *any* jurisdiction in the United States—federal or state—to suggest that a life sentence for a defendant with numerous aggravated-robbery convictions violated the defendant's constitutional rights. And because you pleaded "guilty" to the alleged offenses and "true" to the prior convictions and probation violations, I cannot challenge the merits of the charges against you. Thus, there are no additional arguments that I can raise in this proceeding.

I realize that you likely disagree with me with regard to the law that governs this issue, and I do not wish to debate you on this topic. You should be receiving a letter from the court of appeals in the near future, which will inform you that you have a right to submit a response to my motion in the court of appeals on your own behalf, wherein you can apprise the court of the cases that you believe I have overlooked, and the evidence that you believe must be obtained in order to assert your arguments. Should you wish to file a brief before you receive such correspondence from the court of appeals, you should send it to the following address:

> Ms. Lisa Matz
> Fifth Court of Appeals
> 600 Commerce Street
> Dallas, Texas 75202

Be sure to reference the case numbers listed above in any correspondence with the court. You already have a copy of your complete appellate record, which you should also reference in any brief that you may file. If the court agrees with me that there are no grounds on which to seek an appeal, my motion will be granted, and our attorney-client relationship will terminate.

Finally, you should know that the unavailability of a remedy by appeal does not necessarily foreclose a court from considering whether your constitutional rights were

violated. I have enclosed an annotated copy of Chapter 11 of the Texas Code of Criminal Procedure, which explains how you can petition the district court for a writ of habeas corpus. In the petition, you can ask the court to consider additional evidence that does not appear in the record. You should know, however, that you cannot pursue a writ of habeas corpus until your appeal is final. Also, I cannot file such a petition for you, as it is outside the scope of my representation, and beyond the boundaries of my expertise.

I understand that this news is likely to be disappointing to you. But because the court of appeals cannot consider arguments that are not grounded in the record *as it currently exists*, I firmly believe that my duties and obligations as an officer of the court do not permit me to raise the arguments or file the motions that you are requesting.

I wish you the best of luck and success.

Respectfully,

Matthew J. Kita

10/23/14

Mr. Kita,

I just recieved your letter dated 10/20/14. Sir, with all due respect let me be absolutely straight with you. Between Jan 1st and Jan 27th there was a hearing and it was on the record. My records of the times I went to court indicate 1-17, 1-23 and 1-27 and I spoke to Mr Lacy on 1-7-14 via video confrence. When he informed me he was scheduling a hearing w/ the Judge (Maginnis) to have the judge make me plea. He did and we had a hearing on the record (I HAVE ABSOLUTE PROOF) The hearing was scheduled by Mr Lacy because I would not plea w/o being able to see and go over police reports + charges. You know for a fact that if a hearing is held to get a person to give a plea on charges as serious as mine, the hearing would be recorded as a rule of thumb, to have a record! (Proof) And it was recorded on the record but I would not give a plea that day and it was rescheduled per request of Mr Lacy. It was reset to 1-27 (during HEARING) (Judge was leaving early) resent to Feb 3, 2014 - So to prove it, I am requesting you please, first check with the baliff (His Records) and check the "COURT DOCKET" FOR JAN 1-27 you are being scheduled for a hearing. Then, would you please check court clerk (docket) records for hearing B/T JAN 1-27. I'm saying BETWEEN the 1st & 27th because I know there was only (1) hearing in my case that we actually HAD IN JANUARY. we were BUT scheduled day we were scheduled and did not have the hearing. We absolutely did have (1) hearing in January of this year. Again Mr. Kita I DO HAVE ABSOLUTE PROOF, a hearing was held and was done so on the record. Also the court documents will prove I'm telling the truth and for some reason this record has mysteriously disappeared? I don't think so!

With all this being said Mr Kita, I'm requesting you as my attorney to please file (as soon as possible) a motion or the proper motion with the court of appeals to compel the trial court (reporter) to turn over incomplete portion of appellate record for the hearing that was held recorded in

* CHECK COURT DATES (THIS IS WHY I SAY HEARING WAS HELD B/T JAN 1-27.

January Between the 1st and the 27th for certain! And please ask the Court of Appeals to attach strict time requirements to this request because there has already been given, ample opportunity to turn over this record to the court of Appeals and you and I. Now, In the case that the court reporter still insist that there is not a record of A HEARING in Jan from 1st - 27th, I am requesting you as my appointed attorney to file a motion with the Court of Appeals to have me bench warrant-ed over to Dallas County so that I can NOW proof "(not just testify) but show proof to you and the Court of Appeals (undisputable proof) that a hearing was held and was held on the record!! I do not understand why Judge Magnis would not bench warrant me back, because he was present @ the hearing I'm referring to!

Please, notify me as soon as you have filed and the court (Appeals) has ruled on these motions and keep me updated on everything. I Appreciate your help & your communicating with me in a timely manner to this point Mr Kite. I appreciate you helping me locate this very important record to my appeal & your sincere help overall. I Would again like for you to keep this letter & all our correspondence as part of my permanent file as I am keeping a carbon copy for my personal records. One last time Mr Kite, I'd like to reenumerate, I HAVE ABSOLUTE PROOF" this hearing was held and recorded! B/T January 1st & Jan. 27th

One last question, In the e-mail you recieved from the court reporter, Is she saying, there is no record, or she cannot find the record we are requesting from Jan 1-27. In the meantime I'm reviewing dist clerks records & appellett records and preparing to enlist any and all persons who may be able to help me find this record that is vital to my appeal. Thank You again and I look forward to hearing from you real soon

P.S please continue to hold off on my ___ until this matter is resolved! Thanks

*court copy*

**Subject:** Re: State v. Reginald Pink (F-09-55346, F-13-60732, F-13-60733, F-13-72123)
**Date:** Monday, October 20, 2014 at 9:13:21 AM Central Daylight Time
**From:** Bridget Barnhill <bridget.barnhill@yahoo.com>
**To:** Matt Kita <matt@mattkita.com>

no hearings during that time

On Friday, October 10, 2014 1:40 PM, Matt Kita <matt@mattkita.com> wrote:

Ms. Barnhill,

My client has advised me that there was a hearing in this case sometime between January 17th and 27th that was on the record, but was not made a part of the reporter's record in this appeal. Can you review your files and confirm? Of course, if such a hearing was held, we would like to supplement the record in the court of appeals.

Thank you for your assistance, and have a good weekend.

Matt Kita

Matthew J. Kita
Attorney and Counselor at Law
214.699.1863 (phone) / 214.347.7221 (fax)
matt@mattkita.com

If you are not the intended recipient of this message, please delete it.

1 of 1

EXHIBIT (I)
1

FROM: Reginald Pink
McConnell Unit
3001 Emily DRIVE    300 S. Emily Dr.
Beeville TX 78102    11/7/14

STATE

Attn. Court Clerk

Re: Trial Court Cause Nos.: F0955346

F1360732

F1360733

F1372123

Dear Court Clerk,

My name is Reginald Pink. I am the defendant in the above cause numbered cases. I am requesting that you please forward to me as soon as possible the "docket sheets" for each cause number listed above, for the dates, Jan. 7, 2014 thru Jan. 27, 2014. Please forward these docket sheets to me at the return address on this envelope and at the top of this letter. Thank you in advance for your cooperation and help in this matter. I look forward to receiving this correspondence from you in the very near future. It is very important that I receive these docket sheets for these dates and cause numbers as quickly as you can send them to me.

CC: TO MY PERSONAL FILE

Thank You,

Reginald Pink

161   EXHIBIT
           (J)
                    From: Reginald Pink #1438771    court
                    McConnell Unit,
          DALLAS     3001 SOUTH EMILY DRIVE
ATTN. County Dist Clerk           Beeville TX. 78102
      Criminal Division                        11/7/14

                Re: TRIAL CAUSE NOS. F0955346
                                   F1360732
                                   F1360733
                                   F1372123

Dear District Clerk,

My name is Reginald Pink I am the defendant in the above cause numbered cases. I am requesting that you please forward to me, as soon as possible the "DOCKET SHEETS" for each cause number listed above, for the dates of, Jan. 7, 2014 thru Jan 27, 2014. Please forward these DOCKET SHEETS to me at the return address on this envelope and at the top of this letter. Thank you in advance for your cooperation and help in this matter. I look forward to receiving this correspondence from you in the very near future. It is very important that I receive these DOCKET SHEETS for these dates and cause numbers as quickly as you can send them to me. I am entitled to these records by federal law

                                   Thank you
                                   Reginald Pink

CC: To my personal file.

Ms Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Texas, 75202

February 25, 2015

Re: Court of Appeals Number: 05-14-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

Trial Court Number: F-09-55346, F-13-60732,
F-13-60733, F-13-72123

Dear MADAM,

As this court is obviously aware, on February 4, 2015, I was denied the opportunity to have a second extension of time to secure docket sheets and other pertinent evidence needed to ~~be~~ PRESENTED to this court with my pro se response to the Anders brief filed by my counsel MATHEW Kita.

Accordingly, At this time I am requesting, respectively, that this court give very strong consideration to the ATTACHED MOTION TO WITHDRAW Anders Brief AND COMPLETE APPELLATE BRIEF AND THE MOTION TO DISMISS Appellant Counsel MATHEW Kita AND BE APPOINTED NEW Counsel. Also I request this court consider THE ATTACHED EXHIBITS IN support of motions.

I thank you for YOUR ATTENTION IN THIS MATTER. WOULD YOU please file this REQUEST AND Bring IT TO THE ATTENTION of THE court AS SOON AS POSSIBLE for REVIEW and consideration

THANK YOU FOR YOUR CONSIDERATION,

RESPECTFULLY,
Reginald Pink
Appellant

Reginald Pink
#1938997
McConnell Unit
3001 South Emily Drive
Beeville Texas 78102

NOS. 05-14-00877-CR, 05-14-00878-CR,
05-14-00879-CR, 05-14-00880-CR

REGINALD KEITH PINK,
    Appellant

V.

STATE OF TEXAS
    Appellee

§
§
§
§
§
§
§
§
§
§
§
§

FILED IN
COURT OF APPEALS
MAR 0 4 2015
LISA MATZ
5th DISTRICT

COURT OF APPEALS TEXAS
FIFTH DISTRICT

## MOTION TO WITHDRAW ANDERS BRIEF And Submit Appellate BRIEF

TO THE HONORABLE JUSTICES of THE COURT OF APPEALS:

COMES NOW REGINALD KEITH PINK, APPELLANT AND RESPECTFULLY MOVES THAT THIS COURT WITHDRAW THE ANDERS BRIEF FILED BY MY COUNSEL ON NOVEMBER 5, 2014 AND THAT I BE ALLOWED TO SUBMIT APPELLATE BRIEF. I NEVER ASKED OR CONSENTED TO MY COUNSEL MATTHEW KITA' FILING ANDERS BRIEF. NOR DID HE AND I EVER HAVE ANY DISCUSSION ABOUT AN ANDERS BRIEF BEING FILLED ON MY BEHALF. APPELLANT WILL SHOW THAT NOT ONLY DID I NOT AGREE TO THIS ANDERS BRIEF, IT WAS ALSO FILED WITH ONLY PART OF THE COMPLETE APPELLATE RECORD BEING TAKEN UNDER CONSIDERATION. THERE IS A "LOST" PORTION OF THE COURT REPORTERS RECORD THAT WAS NOT CONSIDERED BY MY COUNSEL. A DIRECT VIOLATION OF VERNONS. TX. RULES of Appellate Procedure Rule 34.6 (e)(F)(X) ACCORDINGLY, THE ANDERS BRIEF FILED BY MY COUNSEL ACCORDING TO (TRAP RULE 38.9) IS SUBSTANTIVELY DEFECTED.

### I.

APPELLANT WILL SHOW THAT MY COUNSEL WAS MADE AWARE OF THE "LOST" TRANSCRIPT AS EARLY AS OCTOBER 23, 2014 (SEE EXHIBIT (G)) INITIALLY MY COUNSEL DID REQUEST THE COURT

REPORTER TO SUPPLEMENT THE APPELLATE RECORD. SHE DENIED THERE WERE ANY HEARINGS DURING THE TIME FROM 1-17-14 — 1-27-14 WHEN I WAS CALLED TO COURT FOR AN ARRIGNMENT HEARING (SEE EXHIBIT (H)) AT THAT HEARING SEVERAL CONSTITUTIONAL VIOLATIONS OCCURED WHICH I ALSO MADE MY COUNSEL AWARE OF. AT THAT POINT HE CONTACTED THE COURT AND REQUESTED I BE ALLOWED TO BE BENCH WARRANTED BACK TO DALLAS COUNTY TO TESTIFY AT A HEARING AS TO WHAT HAPPENED AT THE HEARING IF INDEED THE TRANS-CRIPT IS LOST. THE COURT DENIED THAT REQUEST. (SEE EXHIBIT (A))

## II.

Appellant will show proof from the APPELLATE RECORD THAT A HEARING DID OCCUR IN JANUARY AND IT WAS HELD ON THE RECORD. DURING THE HEARING ON FEB. 3, 2014. THERE WAS ONLY ONE OTHER HEARING HELD IN JANUARY. ON THE 3rd OF ~~FEBURY~~ FEBURARY THE TRIAL COURT JUDGE, MAGNIS MAKES COMMENTS TO ME ABOUT THE PRIOR HEARING IN JANUARY WHERE I DID NOT GIVE A PLEA AND IT WAS RESCHEDULED. HIS COMMENTS WERE SPECIFICALLY ABOUT WHAT WE DISCUSSED IN JAN. HEARING (SEE EXHIBIT (B)) ALSO, I ADDRESS THE COURT SPECIFICALLY ABOUT WHAT MY ATTORNEY SAID IN JAN. HEARING (SEE EXHIBIT (C)) ALSO, IN SAME FEB. HEARING, THE DISTRICT ATTORNEY ADDRESSES THE COURT ABOUT WHAT SPECIFICALLY HE HAD TOLD ME IN HEARING IN JANUARY. (SEE EXHIBIT (D) AND THAT HE SAID IT ON THE RECORD! AND LASTLY, AGAIN I ADDRESS THE COURT SPECIFICALLY ABOUT WHAT HE TOLD ME IN PRIOR HEAR-ING IN JANUARY. (SEE EXHIBIT (E)). THESE 4 STATEMENTS MADE ON RECORD, ME, JUDGE MAGNIS, DISTRICT ATTORNEY PRYOR AND MYSELF AGAIN PROVE THERE WAS A HEARING HELD IN JANURARY! AND IT WAS HELD ON THE RECORD!

## III

IN A LETTER DATED 10/23/14, I REQUESTED MY COUNSEL MOTION THE APPEALS COURT TO COMPEL THE COURT REPORTER TO TURN IN THE "LOST" TRANCRIPT AND ASK THIS COURT TO MANDATE I BE BENCH WARRANTED BACK TO TESTIFY WHAT HAPPENED IN JANURARY HEARING AND I ASKED MY COUNSEL TO GET FOR PROOF THE COURT DOCKET SHEETS AND THE BAIL'S DOCKET SHEETS TO PROVE THE EXACT DATE IN JANURARY THE HEARING WAS HELD. AT THAT POINT MY COUNSEL FILED AN ANDERS BRIEF + MOTION TO WITHDRAW AS MY COUNSEL & REFUSED TO FILE ANY OF THE MOTIONS I REQUESTED. (SEE EXHIBIT (G) AND EXHIBIT (F))

## IV.

Accordingly, the APPELLANT WITH ABSOLUTE CERTAINTY IN HIS PERSONAL RECORDS AND HIS CLEAR MEMORY OF THE FIRST AND ONLY ARRIGNMENT HEARING HELD IN JANURARY, BETWEEN 1-17-14 AND 1-27-14 WAS HELD ON THE RECORD. EVEN IF THE DATES ARE A DIFFERENT DAY IN JANURARY, THE RECORD OF THE HEARING BY APPELLATE RULE HAS TO BE MADE A PART OF THE APPELLATE RECORD. IF NOT, IT HAS TO BE CONSIDERED "LOST" OR MISSING! THEREFORE, THE APPELLANT HAS MADE DILIGENT EFFORT TO SECURE THE LOST TRANSCRIPT OR THE DALLAS COUNTY JUDICIAL SYSTEM (ELETRONIC) DOCKET SHEETS (SEE EXHIBITS (J)(I)) THESE EFFORTS HAVE BEEN MET WITH LIMITED COOPERATION FROM THE COURT REPORTER, THE TRIAL COURT, COURT CLERK, AND THE DISTRICT CLERK. THE APPELLANTS EFFORTS HAVE BEEN MADE IN WRITING AND WITH THE HELP OF VARIOUS family MEMBERS IN PERSON AT COURTHOUSE facilities IN DALLAS COUNTY.

## V.

APPELLANT PRAYS THAT THIS COURT GRANT HIS MOTION TO WITHDRAW ANDERS BRIEF AND SUBMIT APPELLATES' BRIEF. Also, Appellant PRAYS THAT THIS COURT AGREE THAT MY COUNSEL ERRORED IN filing ANDERS BRIEF WITHOUT REVIEWING AND CONSIDERING CONTENTS OF LOST/MISSING TRANSCRIPTS THAT WERE NOT MADE A PART OF THE APPELLATE RECORD. BUT, THAT HE WAS WITHOUT A DOUBT MADE AWARE OF. Appellant FURTHER PRAYS THAT THIS COURT GIVE SPECIAL CONSIDERCTION TO MANDATING I BE BENCH WARRANTED BACK TO DALLAS COUNTY TO TESTIFY tô this COURT AS TO EXACTLY WHAT VIOLATION OCCURED THAT ARE THAT ARE THE GROUNDS FOR MY DIRECT APPEAL, AND THAT THIS COURT ALSO GIVE VERY SPECIAL CONSIDERA- TION TO MANDATE THE COURT (TRIAL) AND/OR OFFICERS OF THAT COURT TO SUBMIT DALLAS COUNTY JUDICIAL SYSTEM DOCKET THAT IS ELETRONICALLY STORED AND CONTAINS ALL COURT APPERENCES FROM ARRIGNMENT TO SENTENCING. THIS, TO BRING TO RECORD (APPELLATE), ALL RELEVANT "LOST" OR "OMITTED" TRANSCRIPTS OF COURT REPORTERS RECORDS THAT BY RULE HAVE TO BE CONSIDERD BEFORE ANY BRIEF IS SUBMITTED TO THIS COURT.

RESPECTFULLY Submitted

Reginald Pink

APPELLANT
REGINALD PINK 1938957
MCCONNELL UNIT
3001 SOUTH EMILY DRIVE
BEEVILL TX. 78102

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON FEBURARY 27, 2014, A TRUE AND CORRECT COPY OF APPELLANTS MOTION TO WITHDRAW ANDERS AND SUBMIT APPELLATE BRIEF WAS MAILED TO THE ATTORNEY FOR THE STATE BY FIRST CLASS MAIL ADDRESSED TO:

MICHEAL R. CASILLAS
DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
133 N. RIVERFRON BOULEVARD, LB 19
DALLAS TX. 75207

REGINALD K. PINK

NOS. 05-14-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

FILED IN
COURT OF APPEALS
MAR 1 8 2015
LISA MATZ
CLERK, 5th DISTRICT

REGINALD KEITH PINK,
APPELLANT

§
§
§

COURT OF APPEALS of TEXAS
FIFTH DISTRICT

V.

STATE OF TEXAS,
APPELLEE

§
§
§
§

REGINALD KIETH PINK's
MOTION REQUSTING HEARING ON ISSUE of
LOST TRANSCRIPT

TO THE HONORABLE JUSTICES of the COURT of APPEALS:

COMES NOW REGINALD KEITH PINK, APPELLANT AND RESPECT-
Fully MOVES THE COURT TO ORDER HEARING ON LOST TRANSCRIPT
ISSUE.

I.

BOTH THE COURT REPORTER AND THE TRIAL COURT HAVE BEEN AWARE
AWARE of THE ISSUE of LOST TRANSCRIPT SINCE OCTOBER 2014.
AND HAVE BEEN GIVEN THE OPPORTUNITY TO ADDRESS THIS ISSUE.
THE TRIAL COURT REFUSED to ALLOW A HEARING AND THE COURT REPOR-
TER DENIED THE MISSING OR LOST TRANSCRIPT EXIST AND ANSWERED
NO HEARINGS WERE HELD DURING THE TIME of HEARING THAT OCCURED
IN JANURARY 2014 BETWEEN 1-7-14 and 1-27-14.

II.

APPELLANT HAS PREVOUSLY SUBMITTED TO THIS COURT, FROM THE
APPELLATE RECORD STATEMENTS MADE BY THE APPELLANT, THE
JUDGE of THE TRIAL COURT, AND THE DISTRICT ATTORNEY THAT

PROVE THERE WAS A HEARING HELD DURING THESE DATES AND IT WAS HELD ON THE RECORD. THE LOST TRANSCRIPTS CONTAIN EVIDENCE NEEDED TO ASSERT GROUNDS FOR MY APPEAL.

### III.

APPELLANT CAN SHOW THAT DILIGENT EFFORT HAS BEEN MADE ON MY PART TO SECURE DALLAS COUNTY JUDICIAL SYSTEM "DOCKET SHEETS" TO PROVE EXACT DATE OF ARRIGNMENT HEARING THAT IS MISSING FROM THE COURT REPORTERS RECORDS. THESE EFFORTS HAVE BEEN MADE IN WRITING BY APPELLANT AND IN PERSON BY APPELLANTS FAMILY WITH NO SUCCESS.

### IV.

APPELLANT COTENDS THAT WITH THE HELP OF THIS COURTS ORDERING OF A HEARING ON THIS ISSUE AND THIS COURT IN MANDATING DOCKET SHEETS BE TURNED OVER TO THIS COURT AND TO APPELLANT, THAT ISSUE CAN BE EASILY RESOLVED.

### V.

AS I AM SURE THIS COURT WILL AGREE, THAT NO BRIEFS SHOULD BE ACCEPTED AND SUBMITTED WITHOUT THIS COURT FIRST DETERMINING THAT APPELLATE RECORD IS COMPLETE. WHICH IT IS NOT AT THIS TIME.

### VI

THEREFORE,

APPELLANT PRAYS THAT THIS COURT GRANT THIS MOTION REQUESTING HEARING ON LOST TRANSCRIPTS, THAT HAVE BEEN OMITED FROM THE APPELLATE RECORD. AND FURTHER THAT THIS COURT MANDATE DALLAS COUNTY JUDICIAL SYSTEM DOCKET SHEET BE MADE AVAILABLE FOR CONSIDERATION ON THIS ISSUE.

RESPECTFULLY SUBMITTED

REGINALD PINK

### Certificate of Service

I CERTIFY THAT A COPY OF THIS WAS PLACED IN THE U.S MAILBOX @ THE McConnell UNIT, 3001 SOUTH EMILY DR. IN BEEVILLE TX. 78102 ADDRESSED TO: Counsel for Appellee

MICHEAL CASILLAS
DALLAS Co DISTRICT ATTORNEY OFFICE
133 N. RIVERFRONT BOULEVARD LB 19
DALLAS TX. 75207

Ms. Lisa Mate                                    March 13, 2015
Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas, TX. 75202


RE: Court of Appeals Nos: 05-14-00877-CR, 05-14-00878-CR
                          05-14-00879-CR, 05-14-00880-CR


Dear Madam,

By this letter I am giving this court notice that there is and has been for some time a very serious issue of a "lost transcript." Also, I would like to convey to this court that the appellate record that is currently before this court is incomplete and void a portion of the court reporters record that is necessary for me to assert the grounds of my appeal.

I am requesting that this court order a ruling for a a hearing to address this issue of lost transcript. Please find enclosed, my motion requesting hearing on "lost transcript. Please file and bring to the attention of the court.


Thank you for your consideration

                                    Respectfully
                                    Reginald Pink
                                    —————————————
                                    Appellant

Reginald Pink
#1938997
McConnell Unit
3001 South Emily Drive
Beeville, TX. 78102

Mr. Reginald Pink 1938997
McConnell Unit
3001 South Emily Drive
Beeville TX. 78102

SAN ANTONIO
TX. 780
16 MAR '15
PM 4 L

Ms. Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Texas 75202

7520263150

Court of APPEALS Nos. 05-14-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

Trial Court Nos. F-09-55346, F-13-60732
F-13-60733, F-13-72123

IN THE Court of APPEALS AT DALLAS TEXAS
FIFTH DISTRICT

REGINALD KEITH PINK
APPELLANT

V.

THE STATE of TEXAS
APPELLEE

FILED IN
COURT OF APPEALS

MAR 2 3 2015

LISA MATZ
CLERK, 5th DISTRICT

MOTION FOR RECONSIDERATION of 2nd MOTION FOR
EXTENSION of TIME TO FILE PRO Se RESPONCE TO
ANDERS BRIEF

TO THE HONORABLE JUSTICES OF THE Court of APPEALS:

Comes now REGINALD KEITH PINK, APPELLANT AND
RESPECTFULLY MOVES THIS Court TO RECONSIDER APPELLANTS'
2nd EXTENSION of TIME REQUEST BY 30 DAYS. IN SUPPORT
APPELLANT WILL SHOW THE following:

I.

ON FEBURARY 9TH I RECIEVED NOTICE FROM THIS Court THAT
MY 2-4-15 REQUEST FOR TIME EXTENSION WAS DENIED. THIS
WAS MY 2nd REQUEST FOR TIME EXTENSION TO FILE PRO Se RE-
SPONCE TO ANDERS BRIEF. I WAS WARNED ON JANURARY 5TH
THAT IF I DID NOT RESPOND BY 2-4-15 THAT MY APPEAL WOULD
BE SUBMITTED ON ANDERS BRIEF ALONE.

II.

I AM RESPECTFULLY REQUESTING THIS COURT RECONSIDER MY
2-3-15 MOTION FOR 2nd EXTENSION of TIME BECAUSE IT WAS
MADE PRIOR TO THE 2-4-15 DEADLINE.

ALTHOUGH THIS COURT DID ISSUE WARNING, THIS COURT DID NOT ISSUE THAT 1-5-15 ORDER WITH PREJUDICE AGAINST ME ASKING FOR 2nd EXTENSION. THIS COURT DID NOT SPECIFICALLY ORDER I WOULD NOT BE ABLE TO ASK FOR 2nd EXTENSION OF TIME TO FILE FILE PRO SE RESPONCE.

## III.

IN MY 2-3-15 MOTION, I DID CONVEY TO THIS COURT, LEGITAMENT CAUSE FOR AN ADDITIONAL 30 DAY EXTENSION, AND BECAUSE OF THIS COURTS DENIAL OF MY MOTION ~~(2-3-15)~~ (2-3-15), I HAVE BEEN PREJUDICED AND CAUSED HARM BY NOT BEING ABLE TO OR ALLOWED TO ASSERT GROUNDS THAT PROVE SUBSTANTIAL DEFECTS WITH THE ANDERS BRIEF. THIS CREATES LEGAL PREJUDICE AFFECTING COLLATERAL REVIEW SHOWING ERROR SUPPORTED BY THE COURT TRANCRIPTS

## IV

THEREFOR, THIS CASE HAS NOT BEEN PROPERLY PRESENTED BY THE ANDERS BRIEF. MY DENIED 2-4-15 MOTION CAUSED ME NOT TO BE ABLE TO SECURE "DOCKET SHEETS" NEED TO PROVE "LOST TRANSCRIPTS" TO PROVE THE APPELLATE RECORD IN THIS CASE IS INCOMPLETE! THIS HAS CAUSED ENGREGIOUS HARM BY PROCEDURALLY DEFAULTING ERRORS THAT SHOULD BE RAISED ON DIRECT APPEAL

## V.

APPELLANT, PRAYS, THAT THIS COURT RECONSIDER AND GRANT THIS MOTION FOR 2nd EXTENSION OF TIME TO FILE PRO SE RESPONCE BY 30 DAYS. TO ASSURE THIS COURT AND "ALL" PARTIES ARE CONSIDERING A COMPLETE APPELLATE RECORD THAT IS WITHOUT DEFECT.

THANK YOU FOR YOUR CONSIDERATION

RESPECTFULLY SUBMITTED
R & RR
REGINALD DINK
APPELLANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THIS WAS PLACED IN THE US MAIL BOX @ THE McConnell UNIT, 3001, SOUTH EMILY DRIVE, IN BEEVILLE TX 78102

Addressed To: Counsel For Appellee
Micheal Casillas
Dallas Co. Dist. Attorney Office
133 N. RIVERFRONT BLVD. LB 19
Dallas TX 75207

Ms. LISA MATZ                                                    MARCH 12, 2015
CLERK of the 5th COURT of APPEALS
600 COMMERCE STREET, SUITE 200
DALLAS TX. 75202

RE: COURT of APPEALS Nos.: 05-14-00877-CR, 05-14-00878-CR
                          05-14-00879-CR, 05-14-00880-CR

    TRIAL COURT CAUSE Nos.: F-09-55346, F-13-60732
                           F-13-60733, F-13-72123


DEAR MADAM,

On FEBURARY 9, 2015, I RECIEVED A LETTER DATED FEBURARY 4, 2015 FROM THE COURT of APPEALS NOTIFYING ME THAT MY FEBURARY 4, 2015 MOTION FOR 2nd TIME EXTENSION WAS DENIED TO FILE A PRO SE RESPONCE. MY JANURARY 5, 2015 REQUEST FOR TIME EXTENSION WAS GRANTED AND THE COURT DID WARN THAT IF MY RESPONCE WAS NOT RECIEVED B 2-4-15, THAT APPEALS WOULD BE SUBMITTED ON ANDERS BRIEF ALONE.

    I AM RESPECTFULLY REQUESTING THAT THIS COURT RECONSIDER MY FEBURARY 3, 2015 REQUEST FOR 2nd EXTENSION OF TIME, BECAUSE IT WAS MADE PRIOR TO THE 2-4-15 DEADLINE. THIS COURT, ALTHOUGH IT DID ISSUE A WARNING, THIS COURT DID NOT SPECIFY THAT I WOULD NOT BE ALLOWED TO REQUEST ANY MORE TIME EXTENSIONS. IN MY 2-3-15 MOTION, I DID CONVEY LEGITAMENT CAUSE FOR AN ADDITIONAL 30 DAY EXTENSION AND BECAUSE OF THIS COURTS' DENIAL, I HAVE BEEN PREJUDICED AGAINST CAUS-ING SEVERE HARM BY NOT BEING ALLOWED TO ASSERT GROUNDS THAT PROVE SUBSTANTIAL DEFECTS WITH ANDERS BRIEF.

THIS CASE HAS NOT BEEN PROPERLY PRESENTED. EVIDENCE TO PROVE LOST TRANSCRIPT (DOCKET SHEETS) HAS NOT BEEN CONSIDER-ED BY THIS COURT BECAUSE I WAS NOT GRANTED EXTRA TIME (2nd TIME EXTENSION) to SECURE DOCKET SHEETS TO PROVE THE APPELLATE RECORD IS INCOMPLETE.

PLEASE, FIND ENCLOSED MY MOTION FOR RECONSIDERATION OF 2nd MOTION FOR TIME EXTENSION. PLEASE FILE AND BRING TO THE ATTENTION OF THE COURT

THANK YOU FOR YOUR CONSIDERATION,

                                            RESPECTFULLY,
                                            Reggie Pink
                                            APPELLANT

REGINALD PINK #1938997
McCONNELL Unit.
3001 SOUTH EMILY D
                 , TX 78102

Mr Reginald Polk 1938997
McConnell Unit
3001 South Emily Dr
BEeville Tx 78102

SOUTHERN DISTRICT OF TEXAS
RIO GRANDE DISTRICT
18 MAR 2015 PM 7 L

75202846S3

Ms Lisa Matz
Clerk for the Court of Appeals 5th
600 Commerce Street, Suite 300
Dallas Texas 75202

9

COURT OF APPEALS NOS: 05-14-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

TRIAL CAUSE NOS: F-09-55346, F-13-60232
F-13-60733, F-13-72123

IN THE COURT OF APPEALS AT DALLAS TEXAS
FIFTH DISTRICT

REGINALD KEITH PINK
APPELLANT

V.

STATE OF TEXAS
APPELLEE


FILED IN
COURT OF APPEALS
MAR 25 2015
LISA MATZ
CLERK, 5th DISTRICT

MOTION REQUESTING THIS COURT TO COMPEL THE TRIAL
COURT, COURT CLERK, CUSTODIAN TO PRODUCE THE DALLAS
COUNTY JUDICIAL SYSTEM DOCKET SHEETS TO THIS COURT
TO RESOLVE ISSUE OF LOST TRANSCRIPTS

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMEN NOW REGINALD KEITH PINK. APPELLANT AND
RESPECTFULLY THIS COURT CONSIDER THE ABOVE STYLED
MOTION. IN SUPPORT APPELLANT WILL SHOW THE FOLLOWING:

I.

THE PRESENT ISSUE OF LOST TRANSCRIPTS HAS CAUSED EGREG
IOUS HARM BY PROCEDURALLY DEFAULTING ERRORS THAT
THAT SHOULD BE RAISED ON DIRECT APPEAL. THIS CREATES
LEGAL PREJUDICE AFFECTING COLLATERAL REVIEW OF THE
PRESENT ISSUE SHOWING ERROR SUPPORTED BY COURT TRANS
CRIPT.

## II.

DOCKET SHEETS WILL SHOW BY ELETRONIC PRINTOUT, EVERY COURT APPEARENCE FROM ARRIGNMENT TO SENTENCING

## III.

I HAVE MADE DILIGENT EFFORTS IN WRITTING TO DISTRICT CLERK, TRIAL COURT AND COURT CLERK, REQUESTING ELETRONIC ALLY STORED DOCKET SHEETS AND LOST TRANSCRIPTS. ALSO, IN PERSON BY RELATIVES AND THESE RECORDS HAVE NOT BEEN TURNED OVER!

## IV.

ACCORDING TO THE OPEN RECORDS ACT AND THE TEXAS PUBLIC INFORMATION ACT, THESE RECORDS ARE AND SHOULD BE MADE AVAILABLE TO ME AND TO THE PUBLIC.

## V.

THERE IS AN UNRESOLVED ISSUE of LOST TRANSCRIPT AND THIS REQUEST of THIS COURT TO COMPEL DOCKET SHEETS IS ABSOLUTE LY NECESSARY TO RESOLVE THIS ISSUE. WITHOUT THESE RECORDS THE APPELLATE RECORD WILL REMAIN INCOMPLETE.

## VI

THIS COURT DOES HAVE LEGAL JURISDICTION TO SETTLE THIS ISSUE of DOCKET SHEETS AND LOST TRANSCRIPTS, AND APPELLANT PRAYS THAT THIS COURT WILL GRANT THIS MOTION TO COMPEL ELETRONICALLY STORED DOCKET SHEETS, TO INSURE THAT THIS COURT TAKES UNDER CONSIDERATION ALL THE FACTS RELATED TO THIS CASE PRIOR TO SUBMISSION, AT THIS POINT THE APPELLATE RECORD IS INCOMPLETE of ALL REPORTERS RECORDS.

THANK YOU FOR YOUR CONSIDERATION.

Respectfully,

_____
APPELLANT

## Certificate of Service

I HEREBY CERTIFY THAT A COPY of this MOTION WAS PLACED IN THE U.S. MAILBOX @ THE McConnell Unit. 300 South Emily DRIVE. BEEVILLE TX 78102

ADDRESSED TO: Counsel for Appellee
MICHAEL CASILLAS
DALLAS Co. Dist Attorney office
133 N. Riverfront Blvd. LB 19
DALLAS TX 75207

Ms. Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street. Suite 200
Dallas Tx. 75202

MARCH. 19, 2015

Re: Court of Appeals Nos: 05-14-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

Trial Court Cause Nos: F-09-55346, F-13-60732,
F-13-60733, F-13-72123

Dear Madam,

The present issue of a lost transcript is causing engregious harm by procedurally defaulting errors that should be raised on direct appeal. I am requesting that this court consider the motion attached to this letter. Eletronic "Docket Sheets" and lost transcripts are presently not being considered because the appellate record is incomplete in its present form. Dallas Co. Judicial System eletronically stored docket sheets will resolve this issue of lost transcripts and the exact date of lost transcripts.

I am asking this courts assistance in securing evidence (docket sheets) to prove issue of lost transcripts. Please find enclosed my motion requesting this court to compel the trial court, court clerk and custodian to produce Dallas Co. Judicial System docket sheets to this court to resolve issue of lost transcripts

Please, find motion enclosed, file and bring to the attention of this court

Respectfully
Rld PR
Appellant

Reginald Pink
McConnell Unit
3001 South Emily Dr.
Beeville TX 78102

Reginald Pink 1938997
McConnell Unit
3001 South Emily Dr.
Beeville TX 78102

SAN ANTONIO TX 780
RIO-GRANDE DISTRICT
23 MAR 2015 PM 2 L

Ms. Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Tx 75202

7520246539

Courts of Appeals Nos: 05-14-00877-CR, 05-14-00878-CR, 05-14-00879-CR, 05-14-00880-CR

IN THE COURT OF APPEALS AT DALLAS TX.
FIFTH DISTRICT

REGINALD KEITH PINK
APPELLANT

V.

THE STATE of TEXAS
APPELLEE

FILED IN
COURT OF APPEALS
MAR 25 2015
LISA MATZ
CLERK, 5th DISTRICT

MOTION TO TAKE NOTICE of ISSUES of LOST TRANSCRIPTS, NEED FOR ELECTRONICALLY STORED DOCKET SHEETS AND THEIR CAUSE AND PREJUDICE

TO THE HONORABLE JUSTICES of the Court of APPEALS:
COMES NOW REGINALD PINK AND RESPECTFULLY REQUEST THIS COURT CONSIDER THE ABOVE STYLED MOTION. IN SUPPORT APPELLANT WILL SHOW THE FOLLOWING:

CAUSE AND PREJUDICE

THE PRESENT ISSUE of LOST COURT REPORTERS RECORDS AND ELETRONIC DOCKET SHEETS HAS CAUSED ENGREGIOUS HARM BY PROCEDURALLY DEFAULTING ERRORS THAT SHOULD BE RAISED ON DIRECT APPEAL. THIS CREATES LEGAL PREJUDICE AFFECTING COLLATERAL REVIEW OF THE PRESENT ISSUES SHOWING ERRORS SUPPORTED BY COURT TRANSCRIPTS. THESE TRANSCRIPTS HAVE BEEN WITHHELD BY TRIAL COURT AND PRESENT APPELLATE RECORD IS INCOMPLETE. THIS WITHHOLDING of TRANSCRIPTS WAS CALCULATED TO INJURE MY RIGHT TO legitmate APPEAL of ERRORS CONTAINED IN the RECORD from TRIAL COURT PROCEEDINGS. THIS HAS CAUSED SUBSTANTIAL DEFECTS IN previously filed BRIEF(s).

APPELLANT PRAYS THIS COURT TAKE NOTICE AND DETERMINE A Ruling on this MOTION SO THAT THESE ISSUES ARE TAKEN under CONSIDERATION BY THIS COURT

+HANK you for your consideration,

Respectfully
Red Pk
APPELLANT

Certificate of SERVICE

I HEREBY CERTIFY that a copy of this motion WAS SENT BY U.S. MAIL to: COUNSEL for the APPELLEE. @ Michael CASillas, DALLAS Co. DIST office 133N. RIVERFRONT Blvd LB 19, D ALLAS TX 75207

April 3, 2015

Ms Lisa Matz
Clerk of The Court
Court of Appeals
Fifth District of Texas at Dallas
600 Commerce Street, Suite 200
Dallas Texas 75202

RECEIVED
Court of Appeals

APR 0 8 2015

Lisa Matz
Clerk, 5th District

RE: REGINALD KEITH PINK v STATE of TEXAS
TRIAL COURT NOS. F-09-55346, F-13-60733
F-13-60732, F-13-72123
APPEALS COURT NOS. 05-14-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

OBJECTION TO STATES RESPONCE TO APPELLANTS MOTION
FOR HEARING ON ISSUE OF LOST TRANSCRITS

DEAR MS MATZ,

TODAY I RECIEVED A COPY OF THE STATES RESPONCE TO APPELL-
ANTS' MOTION REQUESTING HEARING ON ISSUE OF LOST
TRANSCRIPTS. I HAVE NOT RECIEVED A COPY OF THE APPELLANT
COUNSELS' RESPONCE AS OF TODAYS DATE. IN MY REVIEW
OF THE STATES RESPONCE, I HAVE NOTICED RIGHT AT THE
BEGINNING THAT THE STATE DID NOT RESPOND IN TIME TO
THIS COURTS LETTER/REQUEST, GIVING HER 10 DAYS TO RE-
SPOND TO MY MOTION REQUESTING HEARING ON ISSUE OF LOST
TRANSCRIPT DATED MARCH 18, 2015. THE STATE RECIEVED
THIS COURTS REQUEST ON MARCH 19, 2015 AND DID NOT RE-
SPOND UNTIL MARCH 30, 2015. (11 DAYS) SHE

MY RESPONCE TO THIS LETTER FROM THE STATE IS AS
FOLLOWS. THIS RESPONCE BY THE STATE IS NOT ADAQUATE TO
RESOLVE THE ISSUE OF LOST TRANCRIPTS. I STRONGLY FEEL
THAT THERE IS ONLY ONE OBVIOUS WAY TO SETTLE THIS IS-
SUE OF LOST TRANSCRIPTS AND THAT IS FOR THIS COURT TO
ORDER AN EVIDENTIARY HEARING ON THIS ISSUE OF LOST
TRANSCRIPT SO BOTH SIDES HAVE AN OPPORTUNITY TO AD-
DRESS AND PRESENT EVIDENCE ON THIS ISSUE.

THE ~~TRIAL COURT~~ STATE ASSERTS THAT SHE REVIEWED THE
TRIAL COURT DOCKET SHEETS. AS I AM SURE THIS COURT IS AWARE,
THE TRIAL COURT DOCKET SHEET ARE HAND WRITTEN NOTES

WRITTEN ON A SHEET OF PAPER THAT HAS TRIAL COURT DOCKET WRITTEN AT THE TOP OF IT. AND HAVE LITTLE TO NO VITAL OR ADAQUATE CAUSE ACTIVITY RECORDED ON IT. I AM SURE THAT ANY COMPETENT CRIMINAL LAW PROFESSIONAL WOULD AGREE THAT THE DALLAS COUNTY JUDICIAL SYSTEM DOCKET SHEETS ARE WHICH ARE EIETRONICALLY STORED ARE A COMPUTER GENERATED PRINTOUT OF RECORD OF ALL COURT APPEARENCES FROM ARRIGNMENT TO SENTENCING FOR EVERY CAUSE NOS. TO MY KNOWLEDG, NEITHER THE STATE ATTORNEY NOR THE TRIAL COURT HAVE REVIEWED THIS MORE RELIABLE AND ADAQUATE RECORD. IT IS MY CONTENTION THAT THIS COURT SHOULD ALLOW COMPEL EITHER THE DALLAS CO. JUDICIAL SYSTEM DOCKET SHEETS OR THE DALLAS CO. SHERIFF DOCKET SHEETS TO BE USED AS EVIDENCE ON THIS LOST TRANSCRIPT ISSUE. MY EFFORTS TO SECURE THESE RECORDS ON MY OWN HAVE BEEN DENIED AND IGNORED.

THIS COURT MUST TAKE NOTE THAT BOTH COMENTS AND STATEMENTS MADE BY THE TRIAL COURT JUDGE, THE CHIEF PROBECUTOR AND MYSELF ON THE RECORD DURING FEBURARY 3, 2014 HEARING SHOWS ABSOLUTE PROOF THAT I WAS PRESENT WITH THE TRIAL COURT JUDGE, AND THE CHIEF PROSECUTOR IN OPEN COURT AT A HEARING PRIOR TO THE FEBURARY 3, 2014 HEARING, AND PROVES THAT THE HEARING WAS HELD ON THE RECORD ACCORDING TO THE CHIEF PROSECUTOR IN MY TRIAL COURT. (SEE APPELLATE RECORD / C.R.R. → FEB. 3, 2014, VOL. 2, PAGE 30, LINES 1-12, VOL. 2, PAGE 31, LINES 22-25, AND VOL. 2 PAGE 32, LINES 1-4, VOL. 2, PAGE 34, LINES 10 + 11, AND VOL. 2, PAGE 35 LINES 6-12.)

PLEASE NOTE THAT MY APPELLATE COUNSEL MATTHEW KITA DID NOT DO OR COMPLETE AN ADAQUATE INVESTIGATION ON THE ISSUE OF LOST TRANSCRIPT. HE CHOSE TO FILE AN ANDERS BRIEF ONLY AFTER I REQUSTED HE FILE A MOTION WITH THIS COURT TO RESOLVE THIS SAME ISSUE OF LOST TRANSCRIPTS. AND HE REFUSED TO SECURE AND REVIEW DALLAS CO. SHERIFF DOCKET SHEETS OR THE DALLAS CO. JUDICIAL SYSTEM DOCKET SHEETS I AM STILL IN RECIEPT OF HIS LETTER OF REFUSAL, PROVING HE DID NOT DO A THOROUGH INVESTIGATION ON MY BEHALF ON THIS ISSUE OF LOST TRANSCRIPTS.

THIS COURT SHOULD ALSO. NOTE THAT NO MATTER WHAT DAY THE HEARING OCCURED, IT WAS HELD ON THE RECORD AND BY RULE OF THE TX. RULES OF APPELLATE PROCEDURE, IT SHOULD BE MAID A PART OF THE APPELLATE RECORD IN THIS CASE OR THE RECORD THIS COURT IS REVIEWING IS CONSIDERED

DEFECTIVE AND INCOMPLETE. IT IS IMPERATIVE THAT THIS COURT TAKE UNDER CONSIDERATION, A COMPLETE APPELLATE RECORD.

AT THIS POINT IN MY APPEAL, I AM NOT BEING ALLOWED MY RIGHT TO AN APPEAL, BECAUSE OF THIS LOST/MISSING TRANSCRIPT ARE NOT BEING MADE PART OF THE APPELLATE RECORD. THEREFORE, BASED ON THE COMMENTS AND STATEMENTS BY MYSELF, THE TRIAL JUDGE AND THE CHIEF PROSECUTOR FOR MY TRIAL COURT. IT IS MY CONTENTION THAT THIS COURT SHOULD GRANT MY MARCH 18, 2015 MOTION TO TO RESOLVE THIS ISSUE OF LOST TRANSCRIPT, WITH THE HELP OF THE DALLAS COUNTY JUDICIAL SYSTEM DOCKET SHEETS AND THE DALLAS CO. SHERIFF DOCKET SHEETS AND THE REVIEW, AND CONSIDERATION OF THE ABOVE MENTIONED PORTIONS OF THE CURRENT APPELLATE RECORD.

ACCORDINGLY, APPELLANT URGES THAT BASED ON FACTS SUPPORTED BY THE CURRENT APPELLATE AND/C.R.R. AND STATED IN THIS LETTER AND VALIDATED BY THE DALLAS CO. JUDICIAL SYSTEM DOCKET SHEETS AND THE DALLAS CO SHERIFF DOCKET SHEETS, THAT THIS HONORABLE COURT GRANT APPELLANTS' MOTION FOR A HEARING ON THE ISSUE OF LOST TRANSCRIPTS TO RESOLVE THIS ISSUE AND ASSURE THAT THIS COURT IS TAKING UNDER CONSIDERTION THE COMPLETE RECORD PRIOR TO SUBMITTING THIS APPEAL FOR REVIEW.

AGAIN, I STRONGLY FEEL THAT THERE IS ONLY ONE OBVIOUS WAY TO RESOLVE/SETTLE THIS IMPORTANT ISSUE OF LOST TRANSCRIPTS AND THAT IS FOR THIS COURT TO ORDER AN EVIDENTIARY HEARING ON THE ISSUE OF LOST TRANSCRIPTS SO BOTH SIDES HAVE AN OPPORTUNITY TO ADDRESS/PRESENT EVIDENCE ON THIS ISSUE.

THANK YOU FOR YOUR CONSIDERATION IN THIS MATTER. PLEASE FILE THIS RESPONCE AND BRING IT TO THE ATTENTION OF THIS COURT IMMEDIATELY.

RESPECTFULLY SUBMITTED

_APPELLANT_

NOTE: CC. TO MY PERSONAL FILE. PLESE SEND COPY TO ALL PARTIES.



SAN ANTONIO TX 780
RIO GRANDE DISTRICT
06 APR 2015 PM 4 L

Mr. Reginald Pink #1938997
McConnell Unit
3001 South Emily Drive
Beeville TX 78102

Ms Lisa Matz
Clerk of The Court
Court of Appeals, 5th District
1600 Commerce Street, Suite 200
Dallas TX. 75202



April 7. 2015

Court of Appeals Nos: 05-14-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

Trial Court Cause Nos: F-09-55346, F-13-60732
F-13-60733, F-13-72123

IN THE COURT of APPEALS AT DALLAS TEXAS
FIFTH DISTRICT

FILED IN
COURT OF APPEALS

APR 1 3 2015

LISA MATZ
CLERK, 5th DISTRICT

REGINALD KEITH PINK
APPELLANT
V.
STATE of TEXAS
APPELLEE

MOTION REQUESTING EVIDENTIARY HEARING ON THE
ISSUE of LOST TRANSCRIPTS AND DALLAS COUNTY Judicial
SYSTEM ELECTRONICALLY STORED AND PRINTED OUT DOCKET
SHEETS.

TO THE HONORABLE JUSTICES of the COURT of APPEALS:

Comes NOW REGINALD KEITH PINK, APPELLANT AND
RESPECTfully MOVES THAT THIS COURT CONSIDER THE ABOVE
STYLED MOTION. IN SUPPORT APPELLANT WILL SHOW THE FOLLOWING:

I.

THE APPELLANT COUNSELS' RESPONCE TO APPELLANTS' MARCH 18, 2015
MOTION IS NOT ADAQUATE TO RESOLVE THE ISSUE of LOST TRANS-
CRIPTS BECAUSE "ALL" EVIDENCE FROM MYSELF AND APPELLANT
COUNSEL WAS NOT PRESENTED TO THIS COURT BEFORE ITS RULING ON
MARCH 31, 2015 AND APPELLANT DID NOT HAVE AN OPPORTUNITY.
TO REBUTT APPELLANTS COUNSEL RESPONCE, OR SUBMIT
ANY EVIDENCE IN SUPPORT OF HIS MARCH 18, 2014 MOTION.
EVIDENCE IN SUPPORT of THIS MOTION SHOULD NOT BE PURPOSELY
DISCOUNTED AND OVERLOOKED BY THIS COURT.

1.

## II.

EVEN THOUGH APPELLANT COUNSEL DID REQUEST COURT REPORTER SUPPLEMENT THE RECORD WITH MISSING/LOST TRANSCRIPT AND SHE SAID NO HEARINGS HAPPENED DURING THOSE DATES AND THE TRIAL JUDGE REFUSED TO BENCH WARRENT ME BACK TO A HEARING AFTER BEING ASKED BY APPELLANT COUNSEL, APPELLANT COUNSEL _REFUSED TO_ MOTION THIS COURT FOR A HEARING ON LOST TRANSCRIPTS AND REFUSED TO REVIEW DALLAS COUNTY SHERIFF DOCKET SHEETS AND REFUSED TO REVIEW OR INVESTIGATE DALLAS COUNTY JUDICIAL SYSTEM ELECTRONICALLY STORED AND PRINTED OUT DOCKET SHEETS. THE BEST AUTHORITY!

## III.

AS I AM SURE THIS COURT IS AWARE AND _ALL_ CRIMINAL LAW PROFESSIONALS KNOWS, THAT THE TRIAL COURT DOCKET SHEETS ARE _ONLY_ HAND WRITTEN NOTE IN CASE FILES. THEY _DO NOT_ ACCURATELY, COMPLETELY REFLECT EVERY COURT APPEARANCE FROM ARRIGNMENT TO SENTSENCING LIKE THE DALLAS CO. JUDICIAL SYSTEM ELETRONICALLY STORED DOCKET DOES. AS A RESULT THE TRIAL COURT DOCKET SHEET SHOULD _NOT HAVE BEEN USED_ BY THIS COURT OR ACCEPTED BY THIS COURT AS THE THE BEST RESOURCE TO RESOLVE THE ISSUE OF LOST TRANSCRIPTS. ALSO THE TRIAL COURT DOCKET USED BY MY APPELLANT COUNSEL AS HIS RESOURCE _DOES NOT_ INCLUDE VITAL AND ADAQUATE CAUSE ACTIVITY RECORDED IN IT.

## IV.

THIS COURT MUST TAKE NOTE THAT BOTH COMMENTS AND STATEMENTS MADE BY THE TRIAL COURT JUDGE AND CHIEF PROSECUTOR AND MYSELF _ON THE RECORD_ (APPELLATE RECORD) DURING FEB 3, 2014 HEARING SHOWS ABSOLUTE PROOF THAT I WAS PRESENT WITH THE TRIAL COURT JUDGE, CHIEF PROSECUTOR _IN OPEN_ COURT AT A HEARING _PRIOR_ TO THE FEB 3, 2015 HEARING AND PROVES THAT THE HEARING WAS HELD ON THE RECORD ACCORDING TO THE CHIEF PROSECUTOR IN MY TRIAL COURT. (SEE APPELLATE RECORD / CRR → 7 FEB 3, 2014 VOL. 2 PAGE 30 LINES 1-2, VOL. 2 PAGE 31 LINE 22-25 AND VOL. 2 PAGE 32 LINES 1-4 AND VOL. 2 PAGE 34 LINES 10+11 AND VOL. 2 PAGE 35 LINES 6-12.

## V.

ACCORDINGLY, APPELLANT URGES THAT THIS COURT, BASED ON FACTS SUPPORTED BY "_THE APPELLATE RECORD_" / C.R.R. AND FACTS STATED IN THIS MOTION, THIS COURT SHOULD GRANT APPELLANTS MOTION AND ALLOW APPELLANT AND ALL PARTIES TO THIS APPEAL TO BRING "_ANY AND ALL_" EVIDENCE PERTINENT TO THIS APPEAL, SO THAT _THIS COURT_ WILL BE ASSURED THAT IT IS CONSIDERATING A

COMPLETE RECORD AND "ALL" FACTS.

THE APPELLANT FEELS STRONGLY THAT THERE IS ONLY ONE OBVIOUS WAY TO RESOLVE/SETTLE THIS IMPORTANT ISSUE OF LOST TRANSCRIPTS. AND THAT IS FOR THIS COURT TO ORDER A EVIDENTIARY HEARING SO THAT ALL PARTIES HAVE AN OPPORTUNITY TO TO ADDRESS AND PRESENT EVIDENCE ON THIS ISSUE, AND NOT JUST ONE SIDE BEING PRESENTED.

THE APPELLANT PRAYS THAT THIS COURT ORDER AN EVIDENTIARY HEARING AND COMPEL DALLAS COUNTY JUDICIAL SYSTEM ELETRONICALL STORED DOCKET (SPECIFICALLY) THAT SHOWS EVERY COURT APPERANCE FROM ARRAIGNMENT TO SENTENCING. ALSO, APPELLANT PRAYS THAT THIS COURT REVIEW AND CONSIDER PORTION OF CURRENT APPELLATE RECORD/C.R.R. THAT PROVES PRIOR TO FEB 3, 2014, THERE WAS A HEARING HELD ON THE RECORD AND THE TRANSCRIPT OF THAT HEARING IS LOST/MISSING FROM THE PRESENT APPELLATE RECORD. ALSO THAT THIS COURT COMPEL THE DALLAS CO. SHERIFF DOCKET SHEETS AS WELL TO PROVE ALSO THAT THERE IS A LOST TRANSCRIPT. AND THAT THIS COURT WILL NOT ONLY CONSIDER THE SUBSTANTIALLY LESS ACCURATE AND INSUFFICIENT TRIAL COURT DOCKET SHEET ONLY, BUT CONSIDER "ALL" DOCKET SHEETS AVAILABLE TO THIS COURT UNDER ITS CURRENT JURISDICTION, SO THAT THIS COURT WILL BE ASSURED THAT IT IS MAKING THE MOST INFORMED AND ACCURAT RULING ON THIS MOTION.

THIS COURT SHOULD NOT PURPOSELY REFUSE TO CONSIDER "ALL" FACTS AND EVIDENCE AVAILABLE TO IT. EVEN IF EVIDENCE AND FACTS SHOW TO BE IN THE FAVOR OF THE APPELLANT. AGAIN, ANY AND EVERY COMPETENT CRIMINAL LAW PROFESSIONAL KNOWS THAT THE MOST ACCURATE AND COMPLETE RECORD OF COURT APPEARENCES ARE KEPT BY THE DALLAS CO JUDICIAL SYSTEM DOCKET (ELETRONICALLY AND THE DAL. CO. SHERIFF DOCKET AND THAT EVIDENCE FROM THE APPELLATE RECORD IN THE APPEAL PROCESS IS THE DOMINANT AUTHORITY IN THIS COURTS CONSIDERATION AND RULINGS

THANK YOU FOR YOUR CONSIDERATION.

Respectfully
Rlal Pele
APPELLANT

CERTIFICATE of SERVICE
I CERTIFY THAT A COPY of this motion WAS placed IN THE US MAIL @ the McConnell Unit 3001 South Emily Drive, BEEVILLE TX 78102

ADDRESSED TO:
McHEAL CASILLAS Attorney off.
DALLAS Co. DIST
.33 N. RIVERFRONT BLVD LB 19
DALLAS TX 75-207

3.

April 7, 2015

Ms. Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas TX. 75202

Re: Court of Appeals Nos: 05-14-00877-CR, 05-14-00878-CR,
05-14-00879-CR, 05-14-00880-CR

Trial Court Cause Nos: F-09-55346, F-13-60732, F-13-60733,
F-13-72123

Dear Ms. Matz,

On today I recieved an order from this Court dated March. 31,
2015. Denying my March 18, 2015 motion on issue of lost tranxcripts,
my March 23, 2015 motion to rehear feb 4, 2015 motion, and my
March 25, 2015 motions to take notice of missing records and mo-
motion to compel production of the docket sheets.

My responce to this order is that this Court errored in
not giving appellant an opportunity to rebutt both the states'
and the appellant counsel's responces to my March 18, 2015
motion for hearing on issue of lost transcripts. And as of this
date, I have not yet recieved a copy of appellant counsel's re-
sponce.

This court also errored in not granting motion to compel the
the production of the Dallas County Judicial System docket sheets
which contain the most accurate record of eletronically
stored court appearences from arrignment to sentencing.

Also, this court errored by not taking under consideration
the evidence in the appelate record (statements by trial
judge, state prosecutor and myself) that prove without question
that there was a hearing held on the record that has
not been made part of the appellat record (see appellate re-
cord/C.R.R. → Feb. 3, 2014, vol. 2 page 30 lines 1-12, vol.2 page 31
lines 22-25, and vol.2 page 32 lines 1-4 and vol.2 page 34 lines
10 +11 and vol.2 page 35 lines 6-12)

Please review appellants april 3, 2015 objection to appellants states
motion on hearing on lost trancripts and take it under serious
responce

1.

CONSIDERATION. ALSO, PLEASE REVIEW AND GRANT APPELLANTS' ATTACH-MOTION, REQUESTING THIS COURT GRANT MOTION FOR EVIDENTIARY HEARING TO RESOLVE ISSUE OF LOST TRANSCRIPT. IN SO, ALLOWING APPELLANT AND ALL PARTIES PRESENT EVIDENCE TO SUPPORT THEIR ARGUMENT AND INVESTIGATION RESULTS

THANK YOU FOR YOUR CONSIDERATION IN THIS MATTER. PLEASE FILE THIS RESPONCE AND ATTACHED MOTIONS AND BRING THEM TO THE ATTENTION OF THIS COURT IMMEDIATELY.

Respectfully Submitter

_____
APPELLANT

Mr. Reginald-Pink 1938997
McConnell Unit
3001 South Emily Drive
Beeville TX 78102



SAN ANTONIO TX 780
RIO GRANDE DISTRICT
08 APR 2015 PM 4 L

FOREVER

Ms. Lisa Matz
Clerk of the Court
5th Court of Appeals
600 Commerce Street, Suite 200
DALLAS TX 75202
7520465359

Ms Lisa Matz
Clerk of the Court
5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Texas, 75202

RECEIVED    April 9, 2015
Court of Appeals

APR 16 2015

Lisa Matz
Clerk, 5th District

RE: Court of Appeals Nos: 05-14-00877-CR, 05-14-00828-CR
05-14-00879-CR, 05-14-00880-CR
Trial Cause Numbers: F-09-55346, F-13-60232, F-13-60733
F-13-72123

DEAR Ms. Matz,

I am writing this letter in good faith to this honorable court requesting that its' justices give considerable attention to my April 7, 2015 motion requesting evidentiary hearing on the issues of lost/missing transcripts and Dallas County judicial system docket sheets.

By granting this motion, this court would garrantee its decision or ruling on this motion before this court, will be the most accurate and fair ruling for all parties involved. Because in allowing all evidence to be presented and considered, this court will leave no room for any errors, unreasonable determinations or violations of any party's involved constitutional rights.

Accordingly, as I am sure this court will agree, in a situation such as this issue of lost transcripts, incomplete appellate records, and disagreements on when and if hearing(s) occurred and have not been made part of the appellate record that this court uses to determine its opinion of this appeal at hand, that evidentiary hearing is obviously the best and most appropriate solution for this court at this time. At that point all facts will be considered with a evidentiary hearing.

Thank you for your consideration on this issue. Please file this letter/request and bring it to the attention of of this court immediately.

Respectfully Submitted
[signature]



Mr. Reginald Pink 1938997
McConnell Unit
3001 South Emily Drive
Beeville Texas 78102

75202345253

Ms Lisa Matz
Clerk of the Court
5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Texas 75202

April 30, 2015

COURT OF APPEALS NOS: 05-14-00877-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR

TRIAL COURT CAUSE NOS: F-09-55346, F-13-60732
F-13-60733, F-13-72123

IN THE COURT OF APPEALS AT DALLAS TX. FIFTH DISTRICT

REGINALD KEITH PINK
APPELLANT
V.
STATE OF TEXAS
APPELLEE

FILED IN
Court of Appeals
MAY 0 6 2015
Lisa Matz
Clerk, 5th District

MOTION REQUESTING REHEARING OF MOTION REQUESTING
"EVIDENTIARY HEARING" ON THE ISSUE OF LOST TRANSCRIPTS
AND DALLAS COUNTY JUDICIAL SYSTEM ELECTRONICALLY STORED
AND PRINTED DOCKET SHEETS

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW REGINALD KEITH PINK, APPELLANT AND
RESPECTFULLY MOVES THAT THIS COURT CONSIDER THE ABOVE
STYLED MOTION, IN SUPPORT APPELLANT WILL SHOW THE FOLLOWING:

I.

THAT THIS COURT PLEASE REVIEW AND CONSIDER "ALL" EVIDENCE
AND POINTS OF FACT STATED AND OUTLINED IN APPELLANTS FIRST
MOTION FOR EVIDENTIARY HEARING ON ISSUES OF LOST TRANSCRIPTS
AND DALLAS JUDICIAL SYSTEM ELECTRONICALLY STORED AND PRINTED
DOCKET SHEETS

II.

THERE IS CLEAR, CONVINCING AND OBVIOUSLY SUFFICIENT EVIDENCE
IN THE "APPELLATE RECORD" THAT IS BEFORE THIS COURT (SEE APPEL-
LATE/CRR - FEB. 3, 2014 VOL. 2 PAGE 30 LINES 1-12, VOL. 2 PAGE 31
LINES 22-25, VOL. 2 PAGE 32 LINES 1-4, AND VOL. 2 PAGE 34 LINES 10+11
AND VOL. 2 PAGE 35 LINES 6-12) THAT ENTITLE APPELLANT TO A
"EVIDENTIARY HEARING"

III.

FEDERAL COURTS HAVE RULED THAT APPELLANT IS ENTITLED TO FULL
AND FAIR "EVIDENTIARY HEARING" TO DEVELOPE ALL FACTS
(SEE HALL V. QUARTERMAN 543 F. 3d, 365, 367-69 (5th Cir. 2008)
AND THAT APPELLANT IS ENTITLED TO FULL "EVIDENTIARY HEARING"
BASED ON THE FACT THAT I HAVE REPEATEDLY ATTEMPTED TO OBTAIN
COPY OF ARRIGNMENT HEARING TRANSCRIPTS THAT ARE ASSUMED
LOST OR MISSING. (SEE DALTON V. BATTAGLIA 402 F. 3d 729, 736
(7th Cir. 2005).

1.

## III.

It would be fundamentally unfair to resolve this issue of lost transcripts and eletronic docket sheets solely on the word of appellant counsel who has previously filled an Anders brief. This court should not rely exclusively on appellant counsel's declaration alone.

## IV.

It is obvious that sufficient fact finding has not be done in this case and "all" evidence of proof and facts have <u>not been</u> developed to justify this courts <u>denial</u> of an <u>full</u> <u>evidentiary hearing</u>"

## V.

Appellant prays, that this court grant his motion for a "full evidentiary hearing" on issue of lost transcripts and Dallas County Judicial System eletronic docket sheets to resolve this issue.

Thank you for your consideration

<u>Respectfully</u>
Red
APPELLANT

## Certificate of Service

I hereby certify that a copy of this motion was placed in the mail @ McConnell Unit 3001 South Emily Drive, Beeville TX 78102

Addressed To:
Micheal Casillas.
Dallas County District Attorney Office
133 N. Riverfront Blvd. LB 19
Dallas TX. 75207

April 30, 2015

Ms Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Texas 75202

RE: Court of Appeals Nos: 05-14-00877-CR, 05-14-00878-CR,
05-14-00879-CR, 05-14-00880-CR
Trial Court Cause Nos: F-09-55346, F-13-60732, F-13-60733
F-13-72123

Dear Ms. Matz,
On 4/28/15 I recieved this courts order denying my motion requesting evidentiary hearing on the issue of lost transcripts and Dallas County Judicial System eletronically stored and printed out docket sheets. This motion was dated April 13, 2015. This courts order in responce to this motion is dated April 22 2015. In this order, this court mistakenly addresses this mo-motion as my 2nd motion for hearing on a lost record and for docket sheets. My April 13, 2015 motion is my FIRST AND ONLY MOTION to this court requesting (specifically) a hearin "EVIDENTIARY HEARING" on lost transcripts and docket sheets.

This courts April 22, 2015 order and other previous orders have been made without explanation, reason, or rule to support your decisions necessary for intellegent understand-ing of denying appellant an evidentiary hearing and fact finding

It appears to be apparent that this court is deliberately causing appellant HARM AND PREJUDICE by repeatedly denying motions necessary to make a diligent and complete fact finding of unresolved issues that are presently before this court in this case.

Therefore, I am requesting this court grant appellants attached motion to rehear motion dated April 13, 2015 request-ing "EVIDENTIARY HEARING" on the issue of lost transcripts and Dallas County Judicial system eletronically stored and printed docket sheets

This will allow appellant the opportunity to present "FACT-UAL EVIDENCE" directly from the appellate record presented to this court, please give careful consideration to the attached motion and the April 13, 2015 motion.

Thank you for your consideration in this matter. Please file this cover page and attached motion and bring to attention of this court.

Respectfully Submitted
Red P.
APPELLANT



Reginald Punk 1938997
McConnell Unit
3001 South Emily Drive
Beeville TX 78102

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
14 MAY 2015 PM 2 L

Ms Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Texas 75202

7520246539

MAY 3, 2015

Ms Lisa Matz
Clerk of the 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Tx 75202

Court of Appeals Nos: 05-14-00872-CR, 05-14-00878-CR
05-14-00879-CR, 05-14-00880-CR
Trial Court Cause Nos: F-09-55346, F-13-60732,
F-13-60733, F-13-72623

RE: DOCKET SHEET CALL

DEAR MS. MATZ

On November 5, 2014, I was notified by this court that my appointed appellant counsel Matthew Kita, had filed an Anders Brief without my consent. Today, I come before this court requesting this court send me a copy of EVERY PRO SE MOTION THAT HAS BEEN RECIEVED, FILED AND STAMPED with this court in refrence to the above styled case(s).

Appellant prays, that this court promptly send me these copies requested that have been stamped, and filed by the clerk of this court, verifing that this court has recieved them all to be considered.

Thank for your attention and consideration to this matter. I look foward to recieving this information in the very near future. Please file this request and bring it to the attention of this court

Respectfully,
Rald P S
APPELLANT

RECEIVED
Court of Appeals

MAY 07 2015

Lisa Matz
Clerk, 5th District



Mr. Reginald Pink 1938997
McConnell Unit
3001 South Emily Drive
Beeville Tx. 78102

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
05 MAY 2015 PM 3 L

FOREVER

Ms. Lisa Matz
Clerk of The 5th Court of Appeals
600 Commerce Street, Suite 200
Dallas Texas, 75202

7520246S399